IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JULIA MENARD

v.                             CIVIL ACTION NO. 4:16-cv-00800
                                               JURY

ST. JOSEPH EMERGENCY PHYSICIANS, PLLC
and SJ MEDICAL CENTER LLC d/b/a ST.
JOSEPH MEDICAL CENTER

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Julia Menard, plaintiff, files this her first amended complaint complaining of St. Joseph Emergency Physicians, PLLC, and SJ Medical Center LLC d/b/a St. Joseph Medical Center, defendants, (hereinafter at times called "defendants") and for cause of action shows the Court the following:

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. Sec. 1331 (federal question).

2. Plaintiff is an individual residing in Webster, Harris County, Texas.

3. Defendant SJ Medical Center, LLC d/b/a St. Joseph Medical Center, is a corporation with its principal place of business in Houston, Harris County, Texas. It has appeared in this action. At all times relevant hereto, defendant's principal place of business was located in Houston, Harris County, Texas. Plaintiff performed personal services for this defendant in Houston, Harris County, Texas. Defendant St. Joseph Emergency Physicians, PLLC is a public liability corporation which maintains a place of business and operates in Houston, Harris County, Texas. Plaintiff performed

personal services for this defendant in Houston, Harris County, Texas.

4. Venue is proper in the Southern District of Texas, because the events giving rise to this action took place in Harris County, Texas, and the actions by defendants of which plaintiff complains took place in Harris County, Texas, in the Southern District of Texas.

5. Prior to the events complained of in this lawsuit plaintiff was hired by defendant St. Joseph Emergency Physicians, PLLC to perform services for defendant St. Joseph Medical Center. Plaintiff performed the duties of her position capably and effectively. At all times during her employment, plaintiff was a good, competent, dependable and loyal employee.

6. Plaintiff performed her duties capably and effectively since May 22, 2013, until on or about July 26, 2014, when she was viciously and violently assaulted by an intoxicated patient of defendant St. Joseph Medical Center. Specifically, on July 26, 2014, patient MR #001556520, while on the premises of St. Joseph Medical Center, assaulted and attempted to sexually assault plaintiff. Plaintiff was on the premises of St. Joseph Medical Center performing the duties of her employment with St. Joseph Emergency Physicians PLLC, and attempting to care for patient MR #001556520, when that patient assaulted her and attempted to sexually assault her.

7. Defendant St. Joseph Medical Center owed plaintiff a duty to provide a safe and secure workplace in which to perform her duties as an emergency room nurse providing services for its

patients, of which patient MR #001556520 was one. Defendant St. Joseph Medical Center negligently failed to provide a safe and secure workplace to plaintiff, which negligence proximately caused injuries to plaintiff.

8. Thereafter, defendant St. Joseph Medical Center tortiously interferred with plaintiff's employment relationship with defendant St. Joseph Emergency Physicians, PLLC by providing false and defamatory information to St. Joseph Emergency Physicians PLLC that plaintiff had improperly treated the above patient. Specifically, defendant, St. Joseph Medical Center provided false information concerning physical and verbal abuse of the above identified patient by plaintiff. St. Joseph Medical Center further provided false information concerning plaintiff's stapling the above identified patient's forehead laceration. Defendant St. Joseph Medical Center tortiously interferred with plaintiff's prospective contractual relationships by providing the above information to other prospective employers of plaintiff. Such action damaged plaintiff by denying her employment and employment opportunities.

9. In addition, in violation of the common law of the State of Texas, defendant St. Joseph Medical Center defamed plaintiff by publishing or diseminating to third parties, the false information set forth in paragraph 8 above. Such publication of false and defamatory information damaged plaintiff in her professional reputation and standing.

10. Defendants intentionally subjected plaintiff to abusive, hazardous and unhealthy working conditions by requiring plaintiff to perform her required work duties under the following

circumstances:

    a. Defendants intentionally subjected plaintiff to abusive, hazardous and unhealthy working conditions by requiring plaintiff to perform her required work duties under circumstances where she was subjected to intolerable working conditions in and around the area where she performed her job duties.

    b. Defendants intentionally subjected plaintiff to abusive, hazardous and unhealthy working conditions by requiring plaintiff to perform her required work duties under circumstances where she was subjected to unwanted and uninvited interference with her work duties.

    c. Defendants intentionally subjected plaintiff to abusive, hazardous and unhealthy working conditions by requiring plaintiff to perform her required work duties under circumstances where she was subjected to uninvited and unwanted sexual assault.

    d. Defendants intentionally subjected plaintiff to abusive, hazardous and unhealthy working conditions by requiring plaintiff to perform her required work duties in a building or area or under circumstances where safety procedures were ignored resulting in unreasonable risks to plaintiff's health and safety.

    11. In violation of the common law of the State of Texas, defendants subjected plaintiff to an invasion of her privacy concerning her personal documents and effects, under circumstances where plaintiff enjoyed a reasonable expectation of privacy. Specifically, defendants, after plaintiff's treatment of patient MR #001556520 on or about July 16, 2014, commenced and continued an unauthorized and improper intrusion into plaintiff's personal

papers, personal emails, and other personal communications to the end of denying her credentialling privileges. Plaintiff was and continues to be damaged by defendants' unauthorized and improper intrusions.

12. Defendants discriminated against plaintiff on account of her gender, female, in violation of Title VII of the Civil Rights Act of 1964, as amended. Specifically, defendants, based upon false allegations of mistreatment of patient MR #001556520 beginning on or about July 26, 2014 subjected plaintiff to discrimination by denying her credentially privileges. Such discrimination began shortly after the allegations of patient mistreatment and has been continuing since that time. The discrimination against plaintiff on account of her gender, female, consisted of mischaracterizations of her treatment of the patient in question, including false allegations of verbal and physical abuse, and improper stapling of the patient's forehead laceration. As a result of such false allegations plaintiff was subjected to credentialing denials, less favorably than persons outside her protected category, in comparable or similar situations. She was subjected to adverse employment action preventing her from obtaining further assignments. The discrimination to which she was subjected has been continuous action and remains ongoing.

13. Defendants' unlawful conduct has proximately caused plaintiff actual damages, including loss of earnings and earning capacity and employment benefits, and mental anguish in the past which is reasonably expected to extend into the future, all in an amount above the minimum jurisdictional limits of the court.

14. The wrong done by defendants was the kind typified by willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Defendants' conduct was intentional or with conscious indifference to the rights of plaintiff and without justification or excuse. Because of the willfulness and recklessness of defendants' actions plaintiff is entitled to recover exemplary damages in an amount above the minimum jurisdictional limits of the court.

15. Plaintiff has been required to retain counsel and seeks her reasonable attorney fees.

**PRAYER**

Wherefore, plaintiff requests that on final trial she have the following:

1. Judgment against defendants for damages in an amount above the minimum jurisdictional limits of the court.
2. An award of exemplary damages against defendants in a sum appropriate to deter such actions by defendants.
3. Interest prior to judgment from date due to date of judgment at the maximum rate prescribed by law.
4. Her costs and reasonable attorney's fees.
5. Interest after judgment at the maximum lawful rate on all the above sums from date of judgment until paid.
6. Such other and further relief to which she may be justly entitled.

Plaintiff demands a trial by jury.

                                Respectfully submitted,

                                Law Office of Woodrow Epperson

*/s/ Woodrow Epperson*
Woodrow Epperson
520 Cade Loop
Ingram, Texas 78025
(713) 973-6303
FAX (830) 890-5301
State Bar No. 06637000
jepper1068@aol.com
So. Dist. No. 143

Attorney in charge for
Julia Menard

**CERTIFICATE OF SERVICE**

The foregoing pleading was served in accordance with the Federal Rules of Civil Procedure upon all attorneys and persons entitled to receive service thereof, as shown below, on this 17th day of April, 2016.

*/s/ Woodrow Epperson*

Robert W. Horton
Mary Leigh Pirtle
Bass Berry & Sims PLC
150 Third Avenue, South 1- Suite 2800
Nashville, TN 37201