United States District Court
Southern District of Texas
**ENTERED**
February 28, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIA MENARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 16-800 |
| | § | |
| | § | |
| ST. JOSEPH EMERGENCY PHYSICIANS, | § | |
| PLLC, and ST. JOSEPH MEDICAL | § | |
| CENTER LLC, d/b/a ST. JOSEPH | § | |
| MEDICAL CENTER, | § | |
| | § | |
| Defendants. | § | |

## **AMENDED MEMORANDUM, RECOMMENDATION, AND ORDER**

Pending before the court[1] is Defendant St. Joseph Emergency Physicians, PLLC's Motion to Dismiss (Doc. 22) and the response filed thereto. The court **RECOMMENDS** that the motion be **GRANTED** for the reasons explained below. The court sua sponte **RECOMMENDS** that Plaintiff's premises liability claim against St. Joseph Medical Center, LLC, be **DISMISSED**.

### I.  Case Background

On August 28, 2015, Plaintiff, an emergency room nurse, filed this action in state court against her employer, St. Joseph Emergency Physicians, PLLC, ("Emergency Physicians") and St. Joseph Medical Center, LLC, ("St. Joseph Medical Center") alleging that Defendants subjected her to abusive and hazardous working

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  See Doc. 9, Ord. Dated Apr. 1, 2016.

conditions at the Medical Center, defamed her, invaded her privacy rights, and tortiously interfered with her contractual rights and business opportunities.[2] She also claimed protection under Title VII of the Civil Rights Act of 1964 ("Title VII") and comparable provisions of the Texas Labor Code.[3]

Plaintiff did not attempt to serve process in this suit on either defendant until January 22, 2016, when it initiated a civil process request.[4] Service was received by Defendant St. Joseph Medical Center's registered agent on February 29, 2016.[5] On March 25, 2016, St. Joseph Medical Center removed this action to federal court pursuant to 28 U.S.C. § 1441(a), on the ground that Plaintiff had alleged a violation arising under the laws of the United States.[6]

On March 31, 2016, St. Joseph Medical Center filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) arguing that the complaint was factually vague and did not contain citations to specific statutes or case law.[7] In her response, Plaintiff argued that her original complaint's

---

[2] See Doc. 1-2, Pl.'s Orig. Compl., Ex. 2 to Def.'s Notice of Removal pp. 3-4.

[3] Id. p. 5.

[4] See Doc. 1-1, Ex. 1 to Def.s' Notice of Removal p. 2.

[5] Id. p. 4.

[6] See Doc. 1, Def.'s Notice of Removal p. 2.

[7] See Doc. 8, St. Joseph Med. Ctr.'s Mot. to Dismiss for Failure to State a Cl.

allegations were adequate but alternatively argued that her amended complaint adequately outlined her factual assertions.[8] Based on the amended complaint, St. Joseph Medical Center's attorney advised the court that its motion to dismiss was moot.[9]

On July 29, 2016, Emergency Physicians filed the pending motion to dismiss pursuant to Rule 12(b)(1), (5), and (6).[10] In that motion, Emergency Physicians complained that Plaintiff's June 27, 2016 request for waiver of service of process was untimely and defective because it did not attach a summons.[11] A later attempt at service by Plaintiff on July 5, 2016, was defective because, while delivered by mail to Emergency Physicians' registered agent for service, it did not attach a summons.[12]

Emergency Physicians moved to dismiss on the grounds that Plaintiff failed to exhaust her administrative Title VII remedies before the Equal Employment Opportunity Commission ("EEOC") and that the present complaint failed to allege sufficient facts to support a negligence claim against it.[13]

In response, Plaintiff averred that she requested a right-to-

---

[8] See Doc. 12, Pl.'s Resp. to Mot. to Dismiss.

[9] See Court-Only Entry Dated October 6, 2016.

[10] See Doc. 23, Emergency Physicians' Mot. to Dismiss.

[11] See id. p. 3.

[12] See id.

[13] See id. p. 6.

sue letter from the EEOC in April 2016, but, as of the date of the response to Emergency Physicians' motion to dismiss, had not received one. Plaintiff also denied dilatory service on Emergency Physicians, citing settlement discussions between counsel prior to the removal of the case to federal court.

On February 6, 2017, the court entered a Memorandum, Recommendation and Order recommending dismissal of several of Plaintiff's claims and denying Emergency Physicians' motion to dismiss for defective service. On February 17, 2017, Emergency Physicians filed an objection to the court's recommendation. The court agrees that it incorrectly decided Emergency Physicians' motion with respect to service of process and files this amended recommendation.

## II.  Legal Standards

### A.  Rule 12(b)(1)

Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3). The party asserting jurisdiction bears the burden of proof. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The court may decide the motion on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. The court, in determining

4

whether it is properly vested with subject matter jurisdiction, is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005)(quoting Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004)).

The court should decide the Rule 12(b)(1) motion before addressing any attack on the merits. Ramming, 281 F.3d at 161. A dismissal of a complaint pursuant to Rule 12(b)(1) "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." Id.

**B. Rule 12(b)(5)**

Pursuant to the Rule 12(b)(5), the court is authorized to dismiss a civil action for insufficiency of service of process. Fed. R. Civ. P. 12(b)(5).

Absent proper service of process, the court cannot exercise jurisdiction over a party named as a defendant. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). When service is challenged, the party responsible for service bears the burden of establishing its efficacy. Sys. Signs Supplies v. U.S. Dep't of Just., Wash. D.C., 903 F.2d 1011, 1013 (5th Cir. 1990). Actual notice does not satisfy the service requirements of Rule 4. McGuire v. Sigma Coatings, Inc., 48 F.3d 902, 907 (5th Cir. 1995).

The summons and complaint must be served on each defendant

5

within ninety days of filing the complaint. Fed. R. Civ. P. 4(m). Should the plaintiff fail to effect service within that time, the court may dismiss the action without prejudice or may allow additional time for service. Id. However, upon a showing of good cause for the failure of service, the court shall extend the time for service. Id. Good cause is more than inadvertence, mistake of counsel, or ignorance of the rules. See Sys. Signs Supplies, 903 F.2d at 1013. The plaintiff must show excusable neglect, as well as establish good faith and a reasonable basis for not serving the summons and complaint within the time allowed by the rules. Id.

**C. Rule 12(b)(6)**

Pursuant to Rule 12(b)(6), dismissal of an action is appropriate whenever the pleading, on its face, fails to state a claim upon which relief can be granted. It need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III. Analysis

**A. Lack of Service of Process**

Emergency Physicians complains that Plaintiff filed this suit on August 28, 2015, in state court and failed to serve process on it. Conceding the truth of this observation, Plaintiff excuses her lack of service of process on the ground that she was waiting for her right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") and that Emergency Physicians was aware of the lawsuit based on settlement discussions.[14]

The court agrees that Plaintiff's conduct in failing to serve a summons and complaint on Emergency Physicians has been extremely dilatory and without a showing of good cause. Even after Emergency Physicians filed its motion to dismiss based on a lack of service, Plaintiff failed to take any action to remedy this fatal defect.

Accordingly, Emergency Physicians' motion to dismiss should be granted for dilatory service of process.

Alternatively, even if the court were to allow Plaintiff the opportunity to correct the defective service, her lawsuit against Emergency Physicians fails to state a claim upon which relief can be granted for the reasons discussed below.

**B. Title VII**

Section 2000e-5(e)(1) of Title VII provides that, before a person may commence a civil action, she must file a timely charge with the EEOC or with a state or local agency with similar authority to investigate unlawful employment practices. See Dao v.

---

[14] See Doc. 24, Pl.'s Resp. to Mot. to Dismiss, p. 2.

Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996)(citing 42 U.S.C. § 2000e-5(e)(1); Cruce v. Brazosport Indep. Sch. Dist., 703 F.2d 862, 863 (5th Cir. 1983)(although filing of EEOC charge is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court")).

Section 2000e-5(f)(1) provides that a civil rights action must be commenced within ninety days after the charging party has received a right-to-sue letter from the EEOC or the appropriate state or local agency. Dao, 96 F.3d at 789; 42 U.S.C. § 2000e-5(f)(1). If a right-to-sue letter has not been obtained from the EEOC, the plaintiff has not exhausted her administrative remedies and the claim must be dismissed. Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002); Dao, 96 F.3d at 788-89.

Where a right-to-sue letter has not been issued, a plaintiff may cure her failure to exhaust administrative remedies by demanding such a letter from the EEOC. Neal v. IAM Local Lodge 2386, 722 F.2d 247, 249-50 (5th Cir. 1984)(commenting that 42 U.S.C. § 2000e-5(f)(1) provides that the EEOC shall issue a right-to-sue letter if 180 days have passed since the charge was filed and the EEOC has not filed a civil action or entered into a conciliation agreement). Without a right-to-sue letter, the action is subject to dismissal without prejudice. Lightfoot v. OBIM Fresh Cut Fruit Co., Civ. No. 4:07cv608, 2008 WL 4449512, at *2 (N.D. Tex. Oct. 2, 2008)(citing Pinkard v. Pullman Std., 678 F.2d 1211, 1218 (5th Cir.

Unit B 1982)).

In the present case, Plaintiff alleges that in April 2016 she requested a right-to-sue letter from the EEOC, but had not obtained one as of August 1, 2016, the date of her response to Emergency Physicians' motion to dismiss.[15]  Plaintiff has not updated the court with notice that she has received a right-to-sue letter, a prerequisite to filing suit under Title VII.  Accordingly, Plaintiff's Title VII claims against Emergency Physicians should be dismissed without prejudice.[16]

**C. Negligence**

Plaintiff alleges that on or about July 26, 2014, while in the course of her employment, she was assaulted by an intoxicated patient in the St. Joseph Medical Center's emergency room.[17]  The patient also attempted to sexually assault her.[18]  Based on this assault, Plaintiff alleges that Emergency Physicians and St. Joseph Medical Center negligently failed to provide her a safe and secure workplace, and that negligence proximately caused her injuries.  In related allegations, she claims that both Defendants subjected her

---

[15]     See Doc. 24, Pl.'s Resp. to Mot. to Dismiss pp. 2-3.

[16]     Emergency Physicians alleges that it has not received notice from the EEOC that Plaintiff filed an administrative charge of discrimination against it, thus casting doubt on whether it was included in any administrative complaint filed by Plaintiff.  See Doc. 27, Emergency Physicians' Reply in Support of Mot. to Dismiss, p. 1 n.1. The court relies only on the fact that no right-to-sue letter has been presented to the court.

[17]     See Doc. 13, Pl.'s 1st Am. Compl. p. 2.

[18]     Id.

to an abusive, hazardous and unhealthy workplace based on the attempted sexual assault.[19]

Generally, "a person has no legal duty to protect another from the criminal acts of a third person." Timberwalk Apts. Partners, Inc. v. Cain, 972 S.W.2d 749, 756 (Tex. 1998). However, when a entity controls a premises, it has a duty to use ordinary care to protect invitees from criminal acts of third parties "if [it] knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee." Id. In Timberwalk Apts., the Texas Supreme Court cautioned that, when determining whether there was a foreseeable risk of harm stemming from criminal activity, the evidence "must reveal specific previous crimes on or near the premises." Id.

The standard announced in Timberwalk Apts. has been applied when an assault occurred in the workplace. See Barton v. Whataburger, Inc., 276 S.W.3d 456, 466-67 (Tex. App.–Houston [1st Dist.] 2008, pet. denied); Allen v. Connolly, 158 S.W.3d 61, 65-66 (Tex. App.–[14th Dist.] 2005, no pet.); Anderson v. Impact Floors of Tex., L.P., No. 05-13-01183-CV, 2014 WL 6486128, at *4 (Tex. App.–Dallas Nov. 20, 2014, no pet.).

Turning to Plaintiff's complaint, she fails to allege that Emergency Physicians was in control of the workplace premises and that there were previous assaults in her workplace that would have

---

[19] Id. pp. 2-4.

put Emergency Physicians on notice of the foreseeable risk that the complained-of assault could occur. As Plaintiff's amended complaint fails to adequately allege a premises liability claim arising from the assault, this claim must be dismissed.

Based on this reasoning, the court finds that Plaintiff has failed to adequately allege a claim for premises liability against St. Joseph Medical Center, and sua sponte recommends that this claim be dismissed against St. Joseph Medical Center as well.

### IV. Conclusion

In light of the foregoing, the court **RECOMMENDS** that Defendant Emergency Physician's motion be **GRANTED**. It is further **RECOMMENDED** that Plaintiff's claim for premises liability against St. Joseph Medical Center be **DISMISSED** for failure to state a claim.

The Clerk shall send copies of this Memorandum, Recommendation, and Order to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 28th day of February, 2017.

_____
U.S. MAGISTRATE JUDGE