# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JULIA MENARD, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION H-16-800 |
| ST. JOSEPH EMERGENCY PHYSICIANS, PLLC, and ST. JOSEPH CENTER LLC, d/b/a ST. JOSEPH MEDICAL CENTER, | § § § § § | |
| *Defendants*. | § § | |

## ORDER

Pending before the court is a motion for rehearing filed by plaintiff Julia Menard. Dkt. 34. After considering the motion, response, related documents in the record, and the applicable law, the court is of the opinion that the motion for rehearing should be DENIED but that leave to amend should be GRANTED.

## I. BACKGROUND

The court referred this case to Magistrate Judge Nancy K. Johnson pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 9. On July 29, 2016, defendant St. Joseph Emergency Physicians, PLLC ("SJEP") filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (4)(m), (5), and (6) and 28 U.S.C. § 1448. Dkt. 22. Menard filed a response on August 1, 2016. Dkt. 24. After receiving leave to file a late reply, SJEP filed a reply on December 19, 2016. Dkt. 27. The Magistrate Judge entered an amended memorandum, recommendation, and order ("M&R") regarding the motion to dismiss on February 28, 2017. Dkt. 32. She recommended that SJEP's motion to dismiss be granted and recommended, *sua sponte*, that Menard's premises liability claims against defendant St. Joseph Medical Center, LLC ("St. Joseph's") also be dismissed. Dkt. 33.

Neither party timely filed objections to the M&R. On March 22, 2017, the court adopted the M&R in full, granted SJEP's motion to dismiss and also dismissed Menard's premises liability claim

against St. Joseph's. Dkt. 33. Menard filed the instant motion for rehearing on March 27, 2017. Dkt. 34. St. Joseph's filed a response. Dkt. 36. SJEP did not file a response. The motion is now ripe for disposition.

## II. LEGAL STANDARD AND ANALYSIS

While it is not entirely clear, Menard appears to object to all of the Magistrate Judge's recommendations and to this court's order adopting the recommendations. *See* Dkt. 34. Menard contends that her complaint states a *prima facie* case of premises liability against St. Joseph's. *Id.* Menard asserts that she did not object to the M&R because her deposition was not transcribed in sufficient time. *Id.* She asserts that relevant portions of her deposition, which she attached to the motion for rehearing, show "offending acts by defendant and the intoxicated patient." *Id.*

### A. Motion for Rehearing

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration or rehearing. *Edwards v. City of Hous.*, 78 F.3d 983, 995 (5th Cir. 1996). However, motions that challenge a prior judgment on the merits are treated as either a Rule 59(e) or Rule 60(b) motion. *Id.* "If the motion is served within [28] days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994). Here, the motion was filed within 28 days, so the court considers it pursuant to Rule 59(e). A "motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and "cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

There are several problems with Menard's motion for rehearing. First, Menard's excuse for failing to object in the first place is suspect. She states that she did not timely file objections to the Magistrate Judge's M&R because she was waiting for her deposition to be transcribed. *See* Dkt. 34.

2

However, she states that she received the transcribed deposition on March 7, 2017. *See id.* This was exactly seven days after the M&R was filed, giving Menard a full week to review the deposition and file objections. Second, Menard could have filed a request for an extension rather than simply ignoring the deadline. Third, since the motion at issue was a motion to dismiss and the court cannot consider evidence outside of the complaint when considering a motion to dismiss, the only possible relevance of a deposition would be if one were needed to make a case to amend the complaint to add new facts. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) ("The court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts."). And since the deposition for which Menard was waiting was her *own* deposition, there was really no need to wait for it to be transcribed to explain new facts known to Menard that may have elevated her claim to one that could survive a motion to dismiss. Thus, the court finds Menard's argument regarding the tardiness of her objections entirely unconvincing. Her motion does not "clearly establish either a manifest error of law or fact" or "present newly discovered evidence." *Rosenzweig*, 332 F.3d at 864. The motion for a rehearing is DENIED.

**B.     Motion to Amend**

However, after reviewing the deposition testimony attached to the motion for rehearing and in the interest of justice, the court construes the arguments in the motion for a rehearing as a motion to amend. The court considers the following factors when determining whether to allow an amendment at this point in the case: "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment.'" *Rosenzweig*, 332 F.3d at 864 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962)). The court does not believe that Menard's counsel delayed in seeking to amend in bad faith or that an amendment will cause undue prejudice to the defendants at this early stage in the litigation. Thus, the court will focus on whether an amendment would be futile.

In the motion, Menard mainly takes issue with the dismissal of the premises liability claim against St. Joseph's. Menard's premises liability claim against St. Joseph's is based on her allegation that she was assaulted by an intoxicated patient while performing her duties at St. Joseph's as an employee of SJEP. Dkt. 13. She contends that St. Joseph's negligently failed to provide a safe and secure workplace. *Id.* In the M&R, the Magistrate Judge relied primarily on *Timberwalk Apartments Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998), when recommending that Menard's premises liability claim against St. Joseph's be dismissed. *See* Dkt. 32. In *Timberwalk*, the Texas Supreme Court noted that generally "a person has no legal duty to protect another from the criminal acts of a third person." 972 S.W.2d at 756. However, it explained that there is an exception if the person or entity controlling the premises "'knows or has reason to know of an unreasonable or foreseeable risk of harm to the invitee.'" *Id.* (quoting *Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53 (Tex. 1997)). The court specifically found that "[w]hen the 'general danger' is the risk of injury from criminal activity, the evidence must reveal 'specific previous crimes on or near the premises' in order to establish foreseeability." *Id.* Thus, it held that the "foreseeability of an unreasonable risk of criminal conduct is a prerequisite to imposing a duty of care on a person who owns or controls premises to protect others on the property from the risk." *Id.* In ruling on the motion to dismiss and recommending the *sua sponte* dismissal of the premises liability claim against St. Joseph's, the Magistrate Judge noted that Menard failed to allege that there were assaults at St. Joseph's "that would put [the defendants] on notice of the foreseeable risk that the complained-of assault could occur." Dkt. 32.

The court has reviewed the selections of Menard's deposition attached to Menard's motion and finds that an amendment of the premises liability allegations in the complaint likely would not be futile. The court therefore **GRANTS** leave to amend the premises liability claim only. The court instructs Menard's counsel to closely review the reasoning in the M&R and the *Timberwalk* decision before amending and to confer with his client regarding any facts that may support the claim prior

4

to amending the claim. Menard's counsel shall file the second amended complaint within fourteen days of the date of this order. No extensions and no further motions to amend will be considered by this court or by the Magistrate Judge.

### III. Conclusion

In conclusion, Menard's motion for a rehearing is DENIED. However, the court construes her arguments as seeking leave to amend her premises liability claim, and leave to amend is GRANTED in accordance with the terms discussed above.

Signed at Houston, Texas on May 18, 2017.

_____
Gray H. Miller
United States District Judge